Citation Nr: 1710371 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 13-03 244A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to service connection for a right knee disability.


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A. Haddock, Counsel


INTRODUCTION

The Veteran served with the Army National Guard from June 1973 to April 1974, which included a period of active duty for training (ACDUTRA) from October 1973 to April 1974. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision by the Louisville, Kentucky Department of Veterans Affairs Regional Office (RO). In May 2014, the Veteran appeared and provided testimony at a Board hearing before the undersigned. A transcript of that hearing is associated with the Veteran's "Virtual VA" file. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

A right knee disability was not manifested during the Veteran's active service or within one year of separation from service, the right knee has not been productive of symptoms continuously since separation from service, and the current right knee disability is not related to an in-service event, injury, or disease.


CONCLUSION OF LAW

The criteria for service connection for a right knee disability have not been met. 38 U.S.C.A. §§ 1110, 1112, 1113, 5103, 5103A, 5107 (West 2014); 38 C.F.R. 
§§ 3.303, 3.307, 3.309 (2016).





REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In the present case, required notice was provided by way of a letter dated in August 2007. See Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004); Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 486 (2006). 

With regard to VA's duty to assist in the development of the claim, VA assisted the Veteran in the procurement of his service treatment records (STRs) and pertinent VA treatment records, and made reasonable efforts to obtain records of the Veteran's non-VA treatment. See 38 U.S.C.A. § 5103A; 38 C.F.R. §§ 3.159. 

In June 2015 and April 2016, the Board remanded this matter to the Agency of Original Jurisdiction (AOJ) for additional development. There has been substantial compliance with the Board's remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998); Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (noting that Stegall requires substantial compliance with remand orders, rather than absolute compliance). The Board directed that the AOJ obtain a medical examination and opinion concerning the nature and etiology of the Veteran's right knee disability, provide the Veteran with notice of substantiating a service connection claim based on ACDUTRA, and obtain SSA records. The records were subsequently associated with the claims file, and the requisite notice was provided. The requested examination and opinion were obtained in May 2016, with a July 2016 addendum. The examination and opinion are adequate as they were based on a thorough physical examination and a review of the record and history and symptomatology from the Veteran. The examiner laid a factual foundation and reasoned basis for the conclusions that were reached. Therefore, the Board finds that the examination is adequate. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 300 (2008).



Legal Criteria and Analysis

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303(a) (2016). In general, service connection requires (1) evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2016). 

Certain chronic diseases (including arthritis) may be service connected on a presumptive basis if manifested to a compensable degree in a specified period of time post-service (one year for arthritis). 38 U.S.C.A. §§ 1112, 1113; 38 C.F.R. 
§§ 3.307, 3.309 (2016).

For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. 38 C.F.R. § 3.303(b). If chronicity in service is not established, a showing of continuity of symptoms after discharge is required to support the claim. Id. Arthritis is classified as a "chronic disease" under 38 C.F.R. § 3.309(a). Therefore, 38 C.F.R. § 3.303(b) applies. Walker v. Shinseki, 708 F.3d 1331, 1337 (Fed. Cir. 2013). 

For periods of ACDUTRA, service connection may be granted for disability resulting from injuries or diseases incurred or aggravated during such periods.

The Veteran contends that he has a right knee disability that was incurred during ACDUTRA. Specifically, he maintains that he injured his right knee when he stepped in a hole and tripped while running, at the same time as the low back injury for which service connection has been granted. The Veteran testified that he had some bruising, but did not receive any X-rays and was told to avoid running and bending. He stated that he has experienced recurring pain and weakness in his right knee on a continuous basis since service. Although he has not sought treatment specifically for this pain, he has treated the pain with over the counter pain medication. The Veteran is considered to be competent to provide evidence as to any symptoms he personally experiences, such as recurrent and persistent right knee pain since service.

Service treatment records show that in January 1974 the Veteran fell in a hole and sprained his back. A March 1974 medical history report (which accompanied a separation examination that is missing) shows that the Veteran denied a "trick" or locked knee.

Post-service medical records from SSA, in relation to the Veteran's claim for SSA disability benefits, show that on an April 2008 physical examination he was noted to have degenerative joint disease (DJD) in his bilateral knees. However, there is no indication from these records that the Veteran's DJD in his right knee was etiologically related to his active service. At a May 2008 examination, the Veteran was noted to have pain and tenderness on range of motion in both knees and was again noted to have DJD of the knees.

The remainder of the post-service medical records associated with the file, both private and VA treatment records, are silent for any complaints or diagnosis related to a right knee disability. 

On May 2016 VA examination, the Veteran was assigned a diagnosis of mild DJD of the right knee. The examiner opined that the right knee disability was less likely than not incurred in or caused by the claimed in-service injury. The examiner explained that the level of the Veteran's right knee disability indicated age related wear and tear. The examiner noted that there was no documentation of a right knee injury noted in the service treatment records, but acknowledged the Veteran's report of having injured his knee after stepping in a hole while running. The examiner explained that even if the Veteran had sustained an injury to his right knee during active service (between 1973 and 1974), the level of his current right knee DJD would be more severe. 

A July 2016 addendum to the May 2016 VA examination notes that there were no X-rays dated in April or May 2008 validating a diagnosis of right knee joint disease.

As the Veteran has a diagnosis of arthritis, which is one of the listed chronic diseases, the Board has carefully considered whether service connection is warranted under 38 C.F.R. § 3.303(b) or on a presumptive basis. There is no evidence that Veteran was diagnosed with arthritis during service. Moreover, the Board finds that arthritis is not within the Veteran's lay competency to diagnose. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). As such, it cannot be said that the chronic disease (arthritis) was established and not subject to legitimate question during service. Furthermore, there is no evidence reflecting arthritis to a compensable degree within one year of the Veteran's separation from service. Rather, as noted above, the initial diagnosis of such came decades after the Veteran's separation from service. 

The Board also finds that the preponderance of the evidence shows that the Veteran's right knee has not been continuously symptomatic since his April 1974 separation from active service. The Board gives the March 1974 report of medical history from the Veteran high probative value for multiple reasons. First, it was made in connection with a medical evaluation, and such statements tend to be credible. See Rucker v. Brown, 10 Vet. App. 67, 73 (1997) ("[R]ecourse to the [Federal] Rules [of Evidence] is appropriate where they will assist in the articulation of the Board's reasons.")); see FED. R. EVID. 803(4) (generally finding reliable statements for the purposes of medical diagnosis or treatment). Second, it was made prior to his claim for service connection and before he had a financial incentive to attribute his right knee disability to service. Third, the 1974 statement is much closer in time to the events in question. The lay statements offered by the Veteran occurred decades after his separation from service. Even without intent to deceive, the length of time which elapses from an event to its report reduces the reliability of the report due to the fallibility of human memory. See generally Seng v. Holder, 584 F.3d 13, 19 (1st Cir. 2009) (notwithstanding the declarant's intent to speak the truth, statement may lack credibility because of faulty memory). Fourth, despite specific questioning at the 1974 separation examination, the Veteran did not report any right knee problems. In light of the foregoing, the Board finds that the Veteran's contemporaneous statement in 1974 is entitled to greater probative value than the Veteran's lay reports of continuity of symptomatology. As a result, the Board finds that the preponderance of the evidence does not show that the right knee disability was productive of symptoms continuously since service separation.

Finally, the Board finds that direct service connection for a right knee disability is not warranted. The medical evidence is against a relationship between the right knee disability and service. The May 2016 examiner opined that the Veteran's right knee disability is not related to his active service. The examiner explained that the Veteran's mild right knee DJD was more likely due to wear and tear from natural aging, and that even if the Veteran suffered a right knee injury during active service, he would currently have more severe right knee DJD. Further, in the July 2016 addendum, the VA examiner noted that there was no X-ray evidence of DJD from April or May 2008. Given the Board's findings regarding the competency and credibility of the lay evidence above, the Board considers the reliance on medical evidence appropriate. The Board gives this opinion considerable probative weight.

In addition, the first post-service evidence of treatment for, and a diagnosis of, a right knee disability is the April 2008 SSA physical examination, 34 years following active service. Such a lengthy time interval between service and the earliest post-service documentation of the disability is one factor for consideration against a finding that a disability is directly related to service. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000). As such, there is no competent medical evidence that relates the current right knee disability to military service. 

To the extent that the Veteran has asserted his personal belief that there exists a medical relationship between his right knee disability and service, this provides no basis for allowing the claim. The etiology of degenerative joint disease is a complex medical question not capable of lay observation. In the Veteran's case the question is additionally complicated by significant passage of time since service. The Veteran has not demonstrated that he has the knowledge or skill to assess a complex medical condition that requires consideration and interpretation of clinical tests, X-rays or imaging studies, and an understanding of the musculoskeletal systems and related disorders. Accordingly, he is not competent to provide an opinion as to the etiology of his current right knee disability. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Kahana v. Shinseki, 24 Vet. App. 428, 438 (2011) (Lance, J., concurring).

Based on the foregoing, the Board finds that the preponderance of the evidence is against the Veteran's claim of entitlement to service connection for a right knee disability. Consequently, the benefit-of-the-doubt rule does not apply and the claim must be denied. 38 U.S.C.A. § 5107(b) (West 2014).


ORDER

Entitlement to service connection for a right knee disability is denied. 




____________________________________________
REBECCA N. POULSON
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs